## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Manatron, Inc.,                                                      Case No: _____

               Plaintiff,

v.                                                               **COMPLAINT**

The County of Hennepin,                        **JURY TRIAL DEMANDED**

               Defendant.

For its Complaint against Defendant The County of Hennepin ("Hennepin County" or "the County"), Plaintiff Manatron, Inc. ("Plaintiff" or "Manatron"), states and alleges as follows:

## THE PARTIES, JURISDICTION AND VENUE

1. Plaintiff Manatron is a Michigan corporation that provides software and services for state and local governments to assess real and personal property, and to bill and collect the related property taxes in their respective jurisdictions. Manatron's principal place of business is located in Portage, Michigan.

2. Defendant Hennepin County is a public corporation as defined under the laws of the State of Minnesota.

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) and (c) because the parties are citizens of different states and the amount in controversy exceeds $75,000.

4. Venue is proper in the District of Minnesota pursuant to 28 U.S.C. § 1391(a) and (c) because Hennepin County lies within this District. In addition, the

parties' contract that is the subject matter of this action provides that any litigation "in the federal courts involving the parties will be in the appropriate federal court within the State of Minnesota."

## FACTUAL ALLEGATIONS

5. On November 3, 2009, Hennepin County entered into a Software and Service Agreement with Manatron to develop and implement a new property assessment and tax management software program for Hennepin County, and to provide related services to support the program (the "Project"). The total cost of Manatron's software and services provided under the Agreement was not to exceed $7,466,655. A true and correct copy of the Software and Service Agreement ("Agreement") is attached to this Complaint as **Exhibit A**. Attached and incorporated by reference to the Agreement is a detailed "Statement of Work," which outlines the Project scope, approach, protocols, timeline, and resources for implementation of the Agreement.

6. The Agreement required Manatron to commence its work immediately upon execution of the Agreement on November 3, 2009. Accordingly, Manatron began its work on the first phase of the Project - Planning and Analysis ("Phase I") – upon executing the Agreement on or about November 3, 2009.

7. Phase I of the Project was important because it set the foundation for managing the Project's scope of work through planning and analysis of the County's business and technical needs. In this phase, Manatron had to work with the County to further define the County's requirements, finalize the project scope, and establish key strategies around quality assurance, training and project management. Given the

County's unique technical needs that derived from its existing process and governing laws, the detailed tasks to be performed by Manatron personnel in Phase I were substantial, as enumerated specifically in the Agreement's Statement of Work.

8. Critical to Manatron's work during Phase I was the creation of a Project Management Plan, which had to be delivered to the County within forty-five (45) days after execution of the Agreement according to its terms. The Project Management Plan, also known as the Implementation Plan, was an important milestone in Phase I of the Project because it laid the groundwork for implementing the next phase the Project - Design, Development and Testing ("Phase II").

9. Manatron delivered its Implementation Plan to the County on time, and the County subsequently approved Manatron's Implementation Plan by signing a Deliverable Acceptance Statement on March 22, 2010. A true and correct copy of the Deliverable Acceptance Statement showing the County's Acceptance of the Implementation Plan is attached to this Complaint as **Exhibit B**. Following the County's acceptance the Implementation Plan, the County directed Manatron to continue its work on the Project. Manatron continued to perform work as required under the Agreement.

10. Despite Manatron's substantial work and progress made in performance of its obligations under the Agreement, the County provided Manatron with written notice on May 21, 2010 that it had "made a business decision" to cancel the Agreement, and requested that Manatron cease any further work on the Project. Prior to receiving the County's May 21, 2010 letter terminating the Agreement, Manatron personnel had performed substantial work, including but not limited to over 1,400 hours to analyze the

County's business operations and technical infrastructure and over 5,400 of design and development hours.

11. In subsequent correspondence dated June 3, 2010, the County confirmed to Manatron that it had elected to utilize a provision in the Agreement to cancel the Agreement without cause upon thirty (30) days' written notice.

12. Following the County's cancellation of the Agreement, Manatron served a written demand for all monies due to Manatron for the County's decision to terminate the Agreement. To date, the County has refused to pay all sums demanded and due for the work Manatron performed under the Agreement.

## COUNT ONE
### Declaratory Relief

13. Manatron restates and realleges Paragraph Nos. 1 through 12 above as if fully set forth herein.

14. Manatron seeks to determine the parties' rights and obligations under the Software and Service Agreement.

15. Manatron is entitled to a declaratory judgment and relief establishing that the County is in breach of the Agreement for refusing to pay all monies due to Manatron following the County's decision to terminate the Agreement.

## COUNT TWO
### Breach of Contract

16. Manatron restates and realleges Paragraph Nos. 1 through 15 above as if fully set forth herein.

17. The Software and Service Agreement between Manatron and the County is an enforceable contract supported by adequate consideration.

18. The County has breached the Agreement by refusing to pay all monies due to Manatron following the County's decision to terminate the Agreement.

19. As a direct and proximate cause of the County's breach of contract, Manatron has been damaged in an amount in excess of $75,000.00, in addition to any other damages Manatron is entitled to under the law, including prejudgment interest, the exact amount to be determined at trial.

## COUNT THREE
### Unjust Enrichment

20. Manatron restates and realleges Paragraph Nos. 1 through 19 above as if fully set forth herein.

21. The County knowingly induced Manatron to provide substantial work for the Project as described herein.

22. With the full knowledge and approval of the County, Manatron furnished substantial work on the Project for the benefit of the County, for which Manatron is entitled to just compensation. Manatron has a reasonable expectation of receiving this compensation, and the County will remain unjustly enriched if allowed to enjoy the benefits of Manatron's work without compensating Manatron.

23. As a direct and proximate cause of the County's unjust enrichment, Manatron has been damaged in an amount in excess of $75,000.00, in addition to any other damages Manatron is entitled to under the law, including prejudgment interest, the exact amount to be determined at trial.

### COUNT FOUR
### Quantum Meruit

24. Manatron restates and realleges Paragraph Nos. 1 through 23 above as if fully set forth herein.

25. Manatron furnished work to the County at its request and with its knowledge and approval.  Manatron has a reasonable expectation of receiving compensation for that work, and the County should not be allowed to keep the benefit of Manatron's work without compensating Manatron.

26. As a direct and proximate cause of the County's actions, Manatron is entitled to *quantum meruit* against the County in an amount in excess of $75,000.00, in addition to any other damages Manatron is entitled to under the law, including prejudgment interest, the exact amount to be determined at trial.

### COUNT FIVE
### Specific Performance

27. Manatron restates and realleges Paragraph Nos. 1 through 26 above as if fully set forth herein.

28. As further equitable relief for the County's breach of the Agreement, Manatron requests the Court order specific performance requiring the County to pay all monies due to Manatron following the County's decision to terminate the Agreement.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Manatron, Inc. respectfully requests that the Court grant judgment in its favor and against the Defendant The County of Hennepin as follows:

A. Declaring that Defendant The County of Hennepin is in breach of the Software and Service Agreement for refusing to pay Manatron all sums due following the County's decision to terminate the Software and Service Agreement;

B. Awarding Manatron judgment in the amount in excess of $75,000.00, in addition to any other damages Manatron is entitled to under the law, including prejudgment interest, the exact amount to be determined at trial;

C. Ordering specific performance requiring the County to pay all sums due to Manatron under the Software and Service Agreement and applicable laws;

D. Awarding Manatron its costs, attorneys' fees and disbursements incurred in bringing this action, the exact amount to be determined at trial; and

E. For such other, further and different relief, as the Court deems may be just and equitable.

Dated: July 11, 2011                               **MASLON EDELMAN BORMAN & BRAND, LLP**

 

By: <u>/s/ Jason A. Lien</u>
    James F. Killian (#193914)
    Jason A. Lien (#028936X)
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota  55402
Phone: 612.672.8200
Fax: 612.642.8300

**ATTORNEYS FOR PLAINTIFF
MANATRON, INC.**

794269